# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**LYNETTE BERRY-GURULE,**

    **Petitioner,**

vs.                                                       No. CIV 97cv1156 M/JHG

**PENNY LUCERO, Warden,**

    **Respondent.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

This matter is before the Court on Petitioner (Berry-Gurule's) Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Berry-Gurule, currently in state custody, attacks the Judgment and Sentence imposed in the case styled *State of New Mexico v. Lynette Berry-Gurule*, and numbered CR 95-03045 & 95-03508, Second Judicial District Court, County of Bernalillo, State of New Mexico. The United States Magistrate Judge, having considered the arguments, pleadings, record proper, relevant law, and being otherwise fully informed, finds the Petition for a Writ of Habeas Corpus is without merit and recommends that it be DENIED.

On October 17, 1995, Berry-Gurule was charged by indictment with five counts of child abuse, contrary to NMSA 1978, § 30-6-1(C) NMSA; one count of trafficking cocaine, contrary to NMSA 1978, § 30-31-20(A)(3); and one count of tampering with evidence, contrary to NMSA 1978, § 30-22-5 (CR-95-3045). On November 22, 1995, Berry-Gurule was charged by indictment with five counts of the fraudulent use of a credit card, contrary to NMSA 1978, § 30-16-33(b); five counts of fraudulent signing of credit cards or sales slips, contrary to NMSA 1978, § 30-16-32; one count of

conspiracy to commit the fraudulent use of a credit card, contrary to NMSA 1978, §§ 30-28-2, 30-16-33(A)(4), and 30-16-33(B); and, one count of contributing to the delinquency of a minor, contrary to NMSA 1978, § 30-6-3 (CR-95-3508).

On February 29, 1996, Berry-Gurule pleaded guilty, pursuant to a plea agreement, to counts one, three, and four of the indictment in CR-95-3045, and to counts one and three of the indictment in CR-95-3508. The other counts were dismissed pursuant to the plea agreement. On March 4, 1996, the two cases were consolidated.

On May 2, 1996, Berry-Gurule was sentenced to eighteen years, mitigated to fifteen years incarceration, on count one, nine years on count three, and three years on count four of CR-95-3045, to run concurrent. With respect to CR-95-3508, the court sentenced Barry-Gurule to three years incarceration for count two, and three years for count three, to run concurrent. The court further ordered the total sentence for CR-95-3045 run concurrent with the total sentence for CR-95-3508, for a total term of fifteen years incarceration. Berry-Gurule filed a motion to reconsider sentence which was denied on June 13, 1996.

Berry-Gurule did not file a direct appeal. On May 14, 1997, Berry-Gurule filed a state petition for a writ of habeas corpus, alleging her attorney was ineffective because he failed to adequately advise her of the consequences of the plea. The state district court denied the habeas corpus petition on May 14, 1997. Berry-Gurule filed a petition for a writ of certiorari with the Supreme Court of New Mexico. The petition for a writ of certiorari was denied on August 12, 1997.

Berry-Gurule filed her federal habeas corpus petition on August 28, 1997. In her brief in support of her petition, Berry-Gurule argues she was denied her right to the effective assistance of counsel, resulting in an involuntary and unintelligent guilty plea, when her attorney failed to

2

communicate with her regarding the charges filed against her, possible defenses to those charges, and the consequences of her guilty plea.

Respondent conceded, and this Court finds, Berry-Gurule has exhausted her state court remedies with respect to the issues raised herein. The Antiterrorism and Effective Death Penalty Act (AEDPA) applies to this case because it was filed after April 24, 1996. *Lindh v. Murphy*, 117 S.Ct. 2059 (1997). The AEDPA imposed a one year period of limitation to § 2254 proceedings. 28 U.S.C. § 2244(d). Respondent conceded, and this Court finds, the petition is timely under the AEDPA.

Berry-Gurule has requested an evidentiary hearing in this Court. The state court denied Berry-Gurule's request for an evidentiary hearing. Berry-Gurule did not fail to develop the factual basis of her claims in state court. *Miller v. Champion*, 161 F.3d 1249 (10th Cir. 1998)(pre-AEDPA standards apply where petitioner did not fail to develop factual basis in state court); 28 U.S.C. § 2254(e)(2). However, Berry-Gurule has failed to make allegations which, if proven, would entitle her to relief. *Medina v. Barnes*, 71 F.3d 363, 366 (10th Cir. 1995). Therefore, her motion for a federal evidentiary hearing should be denied.

The state court found the plea was voluntary. This conclusion may be entitled to some degree of deference under 28 U.S.C. § 2254(e)(1). The AEDPA increased the deference afforded the factual findings and legal determinations of state courts. *Houchin v. Zavaras*, 107 F.3d 1465, 1470 (10th Cir. 1997). The AEDPA provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States, or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

28 U. S. C. § 2254(d)(1) and (2).

The AEDPA, unfortunately, provides no further illumination about the intended meaning of the terms and as a result there is a split among the circuits construing this section. Some circuits have held that AEDPA imposes a very high standard of deference. *See Neelley v. Nagle*, 138 F.3d 917 (11th Cir. 1998), *petition for cert. filed*, (Aug. 17, 1998) (No. 98-6528); *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996), *cert. denied*, ____ U.S. ____,117 S.Ct. 1114, 137 L.Ed.2d 315 (1997)(*overruling on other grounds recognized by United States v. Carter*, 117 F.3d 262, 264 (10th Cir. 1997)), *cert. denied,* ___ U.S. ____, 117 S.Ct. 1114, 137 L.Ed.2d 315 (1997); *Green v. French*, 143 F.3d 865, 870 (4th Cir. 1998), *petition for cert. filed,* (Oct. 7, 1998)(No. 98-7096). Other courts have held that the level of deference cannot be so high so as to interfere with the federal court's power to decide cases. *See O'Brien v. DuBois*, 145 F.3d 16 (1st Cir. 1998).

The Tenth Circuit employed the standard set forth in *Drinkard* in *White v. Scott*, 141 F.3d 1187 (table), 1998 WL 165162, *2 (10th Cir. April 9, 1998). Although this is an unpublished decision, the Court finds it appropriate to employ the same standard:

> An application of law to facts is unreasonable only when it can be said that reasonable jurists considering the question would be of one view that the state court ruling was incorrect. In other words, we can grant habeas relief only if a state court decision is so clearly incorrect that it would not be debatable among reasonable jurists.

*White v. Scott*, 1998 WL 165162 at *2; *Drinkard v. Johnson*, 97 F.3d at 769.

Berry-Gurule argues her attorney, Mr. Ayala, pressured her to plead guilty and failed to investigate her case. In order to establish ineffective assistance of counsel, Berry-Gurule must show her attorney's representation fell below an objective standard of reasonableness and there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *United States v. Chavez-Marquez*, 66 F.3d 259, 262 (10th Cir. 1995). As Berry-Gurule has the burden of establishing both prongs of *Strickland*, this Court may dispose of her claims of ineffective assistance of counsel on lack of prejudice alone. *Hatch v. Oklahoma*, 58 F.3d 1447, 1457 (10th Cir. 1995), *cert. denied,* 517 U.S. 1235, 116 S.Ct. 1881, 135 L.Ed.2d 176 (1996); *Thomas v. Kerby*, 44 F.3d at 887.

The two-part *Strickland* test applies when a defendant challenges the validity of a guilty plea based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). In the guilty plea context, the first part of the *Strickland* test remains the same *Id.* In order to establish the second prong, however, the petitioner must show there is a reasonable probability that, but for counsel's errors, she would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. at 58, 106 S.Ct. at 370, 88 L.Ed.2d at ___; *Laycock v. State of New Mexico,* 880 F.2d 1184, 1187 (10th Cir. 1989).

Berry-Gurule executed a written plea agreement which accurately set out the consequences of her plea as well as her sentencing exposure. In the plea agreement, Berry-Gurule acknowledged Mr. Ayala had discussed the plea and its consequences with her in depth. At the plea hearing, Berry-Gurule stated on the record in open court she had discussed the plea with her attorney, understood the plea agreement, her rights, and her exposure.

The declarations of Berry-Gurule in the plea agreement and at the plea hearing demonstrate her attorney had fully explained the consequences of the plea. Berry-Gurule has failed to demonstrate Mr. Ayala attorney's representation fell below an objective standard of reasonableness. Mr. Ayala did

5

not provide ineffective assistance of counsel with respect to the guilty plea.

Berry-Gurule also contends Mr. Ayala was ineffective because he failed to investigate the case. "'Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In an ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's performance.'" *Strickland v. Washington*, 466 U.S. at 691, 104 S.Ct. at 2066, 80 L.Ed.2d at ____; *Miles v. Dorsey*, 61 F.3d at 1475. The record in this case demonstrates Mr. Ayala negotiated an advantageous plea for Berry-Gurule which significantly decreased her sentencing exposure. At sentencing, Mr. Ayala presented the testimony of two of Berry-Gurule's counselors who testified as to her remorse and rehabilitation. Mr. Ayala also argued persuasively for leniency.

Berry-Gurule has failed to demonstrate Mr. Ayala erred in his performance so as to prejudice her within the meaning of *Strickland*. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1537 (10th Cir. 1994). The state court's determinations that Mr. Ayala was not ineffective and the plea was voluntary are not so clearly incorrect that reasonable jurists considering the question would be of one view that the ruling was incorrect. *White v. Scott*, 1998 WL 165162 *2; 28 U.S.C. § 2254(d). Therefore, Berry-Gurule is not entitled to relief under 28 U.S.C. § 2254 on her claim of ineffective assistance of counsel.

## RECOMMENDED DISPOSITION

The Petition for a Writ of Habeas Corpus and Petitioner's Motion for an Evidentiary Hearing should be denied.

                                                                      **JOE H. GALVAN**
                                                          **UNITED STATES MAGISTRATE JUDGE**

## NOTICE

Within ten days after a party is served with a copy of these amended proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such amended proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the amended proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.